CHICAGO, ROCK ISLAND & TEXAS RAILWAY COMPANY v. DAN JACKSON.

Decided January 18, 1908.

**Master and Servant—Safe Place to Work— Negligence.**

In a suit by an employee against a railroad company for damages for personal injuries caused by stumbling over an obstruction on a walk-way on a coal bin, evidence considered, and held sufficient to support the verdict of a jury in favor of the plaintiff, on the ground that the company was negligent in failing to furnish the plaintiff with a safe place in which to work.

Appeal from the District Court of Wise County. Tried below before Hon. J. W. Patterson.

*N. H. Lassiter, Robert Harrison* and *T. J. McMurray,* for appellant.

*C. V. Terrell* and *R. E. Carswell,* for appellee.

CONNER, CHIEF JUSTICE.—Appellee instituted this suit to recover damages for personal injuries caused by tripping over a rope or some other object on one of appellant's coal bins at Bridgeport, as more particularly set out in the report of a former appeal. See 40 Texas Civ. App., 273. On the last trial appellee recovered a judgment for five hundred dollars, and the principal complaint on this appeal is that the evidence did not authorize the submission of or verdict on the issue of negligence on appellant's part in a failure to provide appellee and others who worked on the coal bin with sufficient lights. We think appellant's contention must be overruled.

There was evidence to the effect that appellee, as one of appellant's employes, was engaged in unloading a car of coal into one of a number of bins situated upon piling some twenty-six feet above the ground; that during the night of the accident it became necessary for him to get a drink of water; that he proceeded from the car in which he was at work along walk-ways between and alongside of the bins some twenty or thirty feet to where the water was situated; that after securing the water he sought to return, and as he was turning around one of the bins he stumbled over a rope, or possibly a projecting plank, and fell to the ground, whereby he was injured as alleged. The proof is further to the effect that the lights with which appellee and other workmen had been provided were, and had been for several nights, insufficient, of which complaint had been made to appellant's agent in charge of the work, who had promised to remedy the deficiency. The rule is

well established that it is the duty of the master to furnish his servant a reasonably safe place at which to work, and we think the evidence not only warranted the submission of the issue, but also that it is sufficient to sustain the jury's finding to the effect that the 'want of sufficient light on the occasion in question was at least a concurring proximate cause of appellee's injury.   Whether ·appellee was guilty of contributory negligence in failing to take with him one of the lights with which they had been provided, was an issue which under the evidence was properly submitted to and determined by the jury.

We find no error in the proceedings below and find that the evidence sustains the material allegations of appellee's petition.   It is accordingly ordered that the judgment be affirmed.

*Affirmed.*

Writ of error refused.